**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. L. D., a minor, individually and as Successor in Interest to Reginald Doucet, Jr. Deceased by and through her Guardian Ad Litem Shenaiah K Draper, <br><br>       Plaintiff - Appellant, <br><br>   v. <br><br> CITY OF LOS ANGELES; OFFICER AARON GOFFMAN, #40283, <br><br>       Defendants - Appellees. | No. 12-56013 <br><br> D.C. No. 2:11-cv-03141-SVW-MAN <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued February 7, 2014 and Submitted February 20, 2014
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

This is an appeal from a summary judgment entered against J.L.D. in her suit asserting claims under 42 U.S.C. § 1983 and California law against Los Angeles Police Officer Aaron Goff and the City of Los Angeles. Reginald Doucet, J.L.D.'s father, was fatally shot by Officer Goff. The shooting occurred after an unarmed Doucet had forced Goff and his partner, who were attempting to arrest Doucet for petty theft and indecent exposure, to their knees and pummeled them with his fists. The district court held that Goff's use of deadly force was objectively reasonable and alternatively that Goff was entitled to qualified immunity even if the use of deadly force was not objectively reasonable.

We review the district court's grant of summary judgment de novo. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, because the defendants moved for summary judgment on both the federal and state law claims, and the district court granted that motion in its entirety. Finding disputed issues of material fact, we reverse and remand.

In their depositions, both Goff and his partner recalled only one shot being fired. It is undisputed, however, that Doucet was shot twice. The medical examiner's report establishes that Doucet was shot once in his torso and also (the fatal shot) once in the base of his neck. The shot to the neck traveled in a downward position through Doucet's chest. Goff recalled only firing upwards into Doucet's torso from a kneeling

2

position. Both officers and a witness agreed that Doucet fell backwards after being shot.

According to the report of J.L.D.'s expert, the difference in the locations and direction of the two gunshot wounds directly contradicted Goff's account of the shooting. Not only was Goff incorrect as to the number of gunshots, but the expert also opined that "Goff, from his stated and demonstrated position, could not have positioned his pistol to produce the neck wound present on Mr. Doucet in terms of height, wound directionality, or firearm distance."

We assume the correctness of the district court's conclusion that Goff was entitled to use deadly force to repel an attacker who had forced him to the ground and continued an attack. But, assuming, as we must, that Goff fired two shots, the first to Doucet's torso from a kneeling position and the second, after Doucet fell backwards, from an angle downward into Doucet's neck, we are unable to conclude as matter of law that the use of force in its totality was reasonable. In *Hopkins v. Andaya*, this court held that it was reasonable for an officer to empty his revolver on a suspect "to avoid being bludgeoned to death with his own club," but a fact question as to reasonableness was raised when the officer then shot the wounded and unarmed suspect four more times. 958 F.2d 881, 887 (9th Cir. 1992). Although it is not clear

how much time transpired between the two shots, J.L.D.'s expert opined that there "would also be a corresponding time delay between the two shots. The two shots would not have been discharged in rapid succession as would typically be described as a two shot burst." That opinion creates a fact issue on whether the second shot was reasonable. *See Ting v. United States*, 927 F.2d 1504, 1510–11 (9th Cir. 1991) (denying summary judgment where an expert opinion "directly contradicts" the officer's version of the shooting and a jury could conclude that it was unreasonable to shoot "an unarmed and injured felon").[1]

**REVERSED and REMANDED.**

---

[1] The district court held that the reasonableness of Goff's actions also required dismissal of the state law claims. Because we find a material issue of fact as to reasonableness, the judgment dismissing those claims is also vacated.